IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Arthur Gist, Jr., | ) | C/A No.: 1:15-3380-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Magill, Director DMH; Holly | ) | REPORT AND RECOMMENDATION |
| Scaturo, Director SVPTP, Kimberly | ) | |
| Poholchuk, Program Coordinator, | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

John Arthur Gist, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, is committed to the custody of the Sexually Violent Predator Treatment Program ("SVPTP") of the South Carolina Department of Mental Health ("SCDMH") pursuant to S.C. Code Ann. § 44-48-10 through § 44-48-170. He brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by SCDMH Director John Magill, and SVPTP Director Holly Scaturo, and SVPTP Coordinator Kimberly Poholchuk ("SCDMH Defendants"), and Broad River Correctional Institution ("BRCI") Warden Stevenson ("Stevenson") (collectively "Defendants").[1]

---

[1] The SCDMH and the South Carolina Department of Corrections ("SCDC") have entered into an interagency agreement whereby SVPTP residents are housed in a segregated location within BRCI. *See, In re Treatment and Care of Luckabaugh*, 568 S.E.2d 338, 345 (S.C. 2002). The interagency agreement provides that the Edisto and Congaree units ("SVPTP units") of BRCI will be used to house sexually violent predators. *Id*. Under the agreement, SCDMH retains all control, care, and treatment aspects inside the SVPTP units, including internal guards, routine maintenance, and sanitation. *Id*. SCDC provides outside security, meals, laundry services, and chaplain services.

This matter comes before the court on the motions for summary judgment by Stevenson [ECF No. 21] and SCDMH Defendants [ECF No. 22]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motions. [ECF No. 23]. The motions having been fully briefed [ECF Nos. 25, 26, 28],[2] they are ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant the motions for summary judgment.

I.    Factual Background

In his complaint, Plaintiff alleges he is not receiving adequate medical care "as far as treatment in the program." [ECF No. 1 at 4]. He alleges he is subject to corporal punishment. *Id*. at 5. Plaintiff claims there is mold and mildew growing on the walls, ceiling leaks in the SVPTP units, and asbestos and rust throughout the buildings. *Id*. Plaintiff states that he is sharing a room with a person whom the court has found "to have no control over their sexually violent nature." *Id*. Plaintiff alleges the food "is being disrespected" by either BRCI inmates or third parties. *Id*.

---

[2] The court received Plaintiff's "Affidavit in Support of Complaint" on the same day as this report and recommendation is issued. [ECF No. 28]. Although the materials were not timely submitted, the undersigned has reviewed and considered Plaintiff's filing.

Plaintiff also alleges the SVPTP uses discriminatory practices such as: (1) using color coded jumpsuits to leave the building; (2) race discrimination in hiring among residents; (3) recommendations for release being given predominantly to white men; and (4) recommendations for release being given by crime type, instead of treatment growth. *Id*. at 6.

II.     Discussion

   A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However,

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

In his response to Defendants' motion, Plaintiff does not provide greater detail regarding his factual allegations or deny the facts Defendants offered. Although Plaintiff's complaint is verified, he may not rest on his bald allegations in response to a motion for summary judgment. *Goldberg v. B. Green and Co., Inc.*, 836 F.2d 845, 848 (4th Cir. 1988) (finding that Plaintiff's own naked opinion, without more, is insufficient to establish a factual dispute); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (same).[3] Therefore, because Plaintiff's complaint contains no allegations

---

[3] Plaintiff submitted a verified complaint, which is viewed as an affidavit in this district and may, standing alone, defeat summary judgment if it contains allegations that are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). However, the undersigned notes that Plaintiff has already been given leeway in allowing the case to be decided on the merits, as SCDMH Defendants argued that he has failed to comply with requirements of Fed. R. Civ. P. 8. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court explained that "the pleading standard Rule 8 announces does

regarding specific incidents and because he has not disputed Defendants' evidence as discussed further below, the undersigned recommends Stevenson and SCDMH Defendants' motions for summary judgment be granted.

### 1. Medical Care

Plaintiff alleges that he has not received proper medical care, but does not provide any specific incidents. Scaturo testified that the SVPTP uses cognitive behavioral therapy in providing treatment to residents, including Plaintiff. [ECF No. 22-2 at ¶ 9]. She stated that participation in the program is encouraged through an incentive program that rewards residents for participating in the program treatment, as well as for good behavior in the unit. *Id*. Plaintiff has failed to identify how his treatment is insufficient.

### 2. Conditions of Confinement

Involuntarily-committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably-nonrestrictive confinement conditions. *Youngberg v. Romeo,* 457 U.S. 307, 324 (1982). Due process requires that the conditions and duration of confinement bear some reasonable relation to the purpose for which persons are committed. *See Seling v. Young,* 531 U.S. 250, 265 (2001); *Youngberg,* 457 U.S. at 324. In deciding whether a civilly-institutionalized individual's constitutional rights have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to the decisions of professionals. *Youngberg,* 457 U.S. at 321. "[T]he decision, if made by a professional, is presumptively

---

not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id.* at 322.

### a. Double-Bunking

Scaturo submitted the SVPTP double-bunking policy, which states the non-exclusive list of factors considered for determining which residents may be double-bunked when necessary. [ECF No. 22-3 at 2–3]. All placement decisions are made by the treatment teams. *Id.* Scaturo also notes that Plaintiff has been double-bunked since January 5, 2015, and his record is devoid of any appeals through the grievance policy related to the double-bunking. [ECF No. 22-2 at ¶¶13–15]. Plaintiff fails to show that his constitutional rights have been violated related to double-bunking.

### b. Corporal Punishment

Although Plaintiff's complaint alleges he has been subjected to corporal punishment, Scaturo states that no staff member has subjected Plaintiff to corporal punishment. *Id.* at ¶12. Plaintiff does not dispute Scaturo's affidavit and provides no argument regarding this claim. Therefore, Plaintiff fails to show that Defendants have used excessive force against him.

### c. Facility Conditions

In response to Plaintiff's claim of unclean conditions, SCDMH Defendants submitted the affidavit of Paula Prince, Human Services Coordinator for the SVPTP.

[ECF No. 22-5]. Prince states that certain areas of SVPTP units are cleaned daily, such as the laundry area, showers, the milieu, food carts, stairs, chairs, microwave and computer areas, and sally port. *Id*. at ¶2. Residents receive cleaning supplies daily and are encouraged to clean their individual rooms. *Id*.

Additionally, Scaturo stated that maintenance personnel are notified as soon as SVPTP personnel are alerted of roof leaks, and a new roof and ceilings were installed in the SVPTP units during 2014–15. [ECF No. 22-2 at ¶16]. Plaintiff has not disputed this evidence.

### d.     Food

Plaintiff claims in his complaint that the food served is "disrespected" by inmates or unknown third parties. BRCI provides food to SVPTP residents. According to Poholchuk, residents should immediately report contaminated food and a new tray will be substituted. [ECF No. 22-4 at ¶2]. Although residents are requested to report in writing any contaminated food, Poholchuk is not aware of Plaintiff ever having been served contaminated food. *Id*. Plaintiff does not dispute Poholchuk's statements.

### 3.     Equal Protection Claims

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id*.

A prisoner[4] can make an equal protection claim if he is singled out as an individual for "arbitrary and irrational treatment," with no rational basis for such disparate treatment, even if one is not being discriminated against as a member of a certain group. *See Village of Willowbrook v. Olech*, 528 U.S. 562 (2000); *Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 263 (4th Cir. 2005). However, when equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. *Veney v. Wyche*, 293 F.3d 726, 730–32 (4th Cir. 2002). In such instances, a prisoner claiming an equal protection violation must allege facts demonstrating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination," and the court must determine whether the disparate treatment is "reasonably related to any legitimate penological interest." *Id.*

Here, Plaintiff has not shown how he personally has been singled out for arbitrary and irrational treatment. Additionally, Plaintiff has alleged no facts showing he has been treated differently than others similarly-situated, and instead makes general allegations about the SVPTP resident population. Therefore, Defendants are entitled to summary judgment on these claims.

---

[4] Although Plaintiff is not a prisoner, civil detainees should be treated as well as prisoners. *Treece v. McGill*, No. 08-3909, 2010 WL 3781695 at * 4 (D.S.C. Sept. 21, 2010).

      4.      Eleventh Amendment Immunity

Defendants argue that, to the extent Plaintiff sues them for monetary damages in their official capacities, they are immune from suit.[5] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Here, Defendants are agents of the state, and are therefore immune from suit for monetary damages in their official capacities.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the motions for summary judgment by Stevenson [ECF No. 21] and SCDMH Defendants [ECF No. 22] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 25, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] Defendants are sued in their official and personal capacities.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).